# Kimbell *v.* The State.

## *Vagrancy.*

(Decided Dec. 16, 1909.   51 South. 16.)

1. *Appeal and Error; Review; Matters to be Sworn by Record.*— In order to have a motion to quash an indictment based on matters de hors the record, and the proceedings had thereon, reviewed by this court on appeal, motion and the proceedings must be shown by the bill of exceptions.

2. *Indictment and Information; Language of Statute.*—An indictment which follows the language of the statute creating the offense is sufficient, though fuller than that prescribed by the Code form for indictment in such cases.

3. *Indictment and Information; Time and Venue.*—Time and venue of an offense need not be alleged in an indictment, unless time is a material ingredient thereof.—Sections 7139, 7140, Code 1907.) However, both must be proved on the trial if properly raised.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Augie Kimbell was convicted of vagrancy, and he appeals. Affirmed.

R. H. GOLSON, D. K. MIDDLETON, and R. T. GOODWYN, for appellant. No brief came to the Reporter.

[Kimbell v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State. The court properly overruled the objection to the indictment.—*Holland v. The State,* 50 Ala. 215; *Garrett v. The State,* 97 Ala. 18; *Stonekin v. The State,* 118 Ala. 68. The indictment followed the statute and was sufficient.—*Traylor v. The State,* 100 Ala. 142.

MAYFIELD, J.—The indictment in this case was as follows:

"The State of Alabama, Elmore County. Circuit Court, No. ——, Special Term, 1909.

"The grand jury of said county charge that before the finding of this indictment Aug Kimbell, alias Augie Kimbell, an able-bodied person, did abandon his wife and children, without just cause, leaving them without sufficient means of subsistence, or in danger of becoming a public charge.

"The grand jury of said county further charge that before the finding of this indictment Aug Kimbell, alias Augie Kimbell, an able-bodied person, did abandon his wife without just cause, leaving her without sufficient means of subsistence, or in danger of becoming a public charge, against the peace and dignity of the state of Alabama.                         "D. D. Askew,

"Solicitor of the 15th Circuit.

"No. 2356. Grand July No. 70. The State of Alabama, Elmore County. Circuit Court. The State v. Augie Kimbell. Indictment. No prosecutor. State witnesses: Mrs. Annie Mae Kimbell, John Huckabee. A true bill. E. L. Thompson, Foreman of the Grand Jury.

"Presented in open court by the foreman of the grand jury in the presence of 17 other members of the grand jury this 12th day of March, A. D. 1909.

McD. Cain, Clerk.

"Filed in open court this 12th day of March, 1909.

"McD. Cain, Clerk Circuit Court."

[Kimbell v. The State.]

The defendant moved to quash the indictment, which motion being overruled, he then demurred to the indictment, and his demurrers were overruled. The trial resulted in conviction and sentence, from which judgment defendant appeals, here assigning as error the overruling of his motion and demurrers.

There is no bill of exceptions showing the motion or the evidence in support thereof; nor does the record affirmatively show the defects of which complaint is made. Motions to quash on grounds dehors the record, and proceedings thereunder, must be shown by bill of exceptions, in order to be reviewed on appeal. For lack of this in this case, we cannot review the action of the court on the motion to quash.—*Garrett v. State,* 97 Ala. 18, 14 South. 327.

The indictment was good, and not subject to demurrer. While it did not follow the Code form (No. 112) for vagrancy, it was fuller than the form prescribes. It charged that the defendant did, or was guilty of, the acts which the statute defines or denounces as the crime of vagrancy. Then certainly it was sufficient, and the defendant has no cause to complain, when the form prescribed by law only charges that a person is a vagrant, without setting out any facts constituting the crime. The indictment followed the exact language of the statute creating the offense, which is usually held sufficient; and we hold that it was sufficient in this case.—*Traylor v. State,* 100 Ala. 142, 14 South. 634.

Indictments need not allege the time or venue of the offense, unless time is a material ingredient thereof, though proof of both is required to support a conviction, if the questions are properly raised on the trial.—Code 1907, §§ 7139, 7140.

We find no error, and the judgment must be affirmed. Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.