# Jordan *v.* The State.

*Violating Prohibition Law.*

(Decided Feb. 3, 1910.—51 South. 620.)

1. *Courts; Jurisdiction.*—Under Local Acts 1903, p. 379, establishing the inferior courts in Jefferson county, a judge thereof has power to issue a warrant for the violation of a prohibition law and make the same returnable to the criminal court of said county which had jurisdiction to try the offense.

2. *Appeal and Error; Review; Record; Motion to Quash.*—Where the record does not contain a bill of exception and shows no exception to the adverse ruling of the court on the motion to quash, this court cannot review on appeal a motion to quash a warrant and affidavit based on matters de hors the record.

3. *Same; Objections Not Raised at Trial.*—This court will not review on appeal objections not raised at the trial, the same not being jurisdictional.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Hickman Jordan was convicted of violating the prohibition law, and he appeals. Affirmed.

It appears from the record that a warrant was sworn out before H. B. Abernathy, judge of the inferior court of Birmingham, against the defendant, for unlawfully selling spirituous, vinous, or malt liquors within a prohibition district, and that warrant was issued thereon, made returnable to the judge of the criminal court of Jefferson county. When the case was called in that court for trial, the defendant filed the following plea: "Defendant objects to going to trial, because this court is without jurisdiction, the warrant being sworn out before the judge of the inferior court, and that the court should have had warrant returnable to the inferior court of Birmingham, which court alone had jurisdiction." The defendant also moved to quash the warrant,

[Jordan v. The State.]

on the ground that the affiant was not examined under oath touching the offense, nor were any other witnesses examined, as required by section 6703, Code 1907, and offered the magistrate to prove that he did not examine the affiant or other witnesses, and on the further ground it fails to show that the magistrate had probable cause for believing that the offense had been committed before issuing the warrant. The defendant further objected to being put on trial on the ground that his arrest was illegal, he having been arrested without a warrant and in violation of law; the entry on the back of the warrant showing that he was confined in jail on the 6th day of June, 1908, and the warrant having been issued on the 7th day of June, 1908.

WILLIAM CONNIFF, for appellant.—The court erred in refusing to allow appellant to offer his plea showing that the arrest was made without a warrant.—*Gamble v. Schmuck,* 131 Ala. 321. This was jurisdictional as the warrant should have been returnable to the inferior court.—*Lee v. The State,* 39 South. 366. That the warrant was void see *Gambell v. Schmuck, supra;* Section 6703, Code 1907. The warrant failed to show that the offense had been committed after Jan. 1st, 1908.—*Marks v. The State,* 48 South. 864; *Bedgett v. The State,* 48 South. 54.

ALEXANDER M. GARBER, Attorney General, for the State.—The demurrers to the plea were not set out, and nothing is presented for review thereon.—*Mc-Queen v. The State,* 38 Ala. 62; *Merritt v. Fleming,* 42 Ala. 324. The motion to quash does not appear by bill of exceptions, and therefore, cannot be considered.— *Wilson v. The State,* 136 Ala. 114.

[Jordan v. The State.]

SAYRE, J.—We are not advised of any reason why this case should not have been tried in the criminal court of Jefferson county, and cannot affirm error of the ruling of that court by which defendant's plea to the jurisdiction was held to be unavailing. That court had jurisdiction to try cases of this character, and the act of September 26, 1903 (Loc. Acts 1903, p. 379), establishing an inferior court in precincts 21 and 37 in Jefferson county, conferred upon the judge of that court the power to "take affidavits and issue warrants for misdemeanors directly returnable to any court having final jurisdiction thereof." The warrant in this case was issued by the judge.

Appellant moved to quash the warrant and affidavit upon grounds which involved matters dehors the record. He reserved no exception to the adverse ruling of the court, nor does the record contain a bill of exceptions. In this state of the record we are unable to review the ruling of the trial court.—*Garrett v. State,* 97 Ala. 18, 14 South. 327.

The other question argued by counsel for appellant is raised for the first time in this court. It is not jurisdictional, and a ruling should have been invited in the trial court. It will not be reviewed.

Accordingly the judgment of the trial court must be affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.