# Harris v. The State.

## Robbery.

(Decided May 9, 1912. 58 South. 759.)

1. *Criminal Law; Record; Quashing Venire.*—Where the record proper does not show the existence of defects complained of in a motion to quash a venire in a capital case, and there is no bill of exceptions to disclose any matter de hors the record, the record does not show error in overruling the motion to quash.

2. *Same; Former Jeopardy; Requisites.*—A plea of former jeopardy asserting that the accused had once been tried and convicted by a court having final jurisdiction of the case, and that the case was appealed to the Supreme Court where it was reversed and remanded, is subject to demurrer because of a failure to negative the conclusion that the accused himself procured the reversal.

3. *Same; Pleadings; Review.*—Where the record does not disclose the grounds of demurrer interposed to a plea of former jeopardy, the court will presume on appeal, for the purpose of sustaining the correctness of the ruling of the lower court, that the demurrer pointed out the defects in the plea which rendered it subject to demurrer.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Will Harris was convicted of robbery, and he appeals. Affirmed.

See, also, 55 South. 609.

The motion to quash is that the copy of the venire of jurors served on defendant while in jail on the 9th day of December, 1911, was imperfect, in that it did not

show a sufficient number of jurors drawn as the law requires in capital cases; for that the jury was not drawn according to law made and provided by statutes in such cases; for that defendant was not served with the list of jurors summoned in his case, or for the week of his trial, one entire legal day before the day set for the trial. No evidence was offered in support of this motion. The record shows that the court ordered 80 names to constitute the venire, including those drawn and summoned for the regular jury, and, as the return showed, that 10 of them were not found. The court drew 45 names to make up the required number. These names, together with the names of the regular jurors drawn and summoned, as well as the 10 not found, who were drawn, appear from the record. The 45 so drawn by the judge and the 30 previously drawn and summoned constituted the venire served on the defendant.

The plea of former jeopardy is as follows: "Comes the defendant in his own proper person and for plea to the indictment says, because he has once been tried and convicted by a competent court having final jurisdiction in said case, and said cause was appealed to the Supreme Court, and said court reversed and remanded said cause, defendant prays judgment that this court should take no further jurisdiction or cognizance of the indictment, as aforesaid, and he be discharged, all of which he is ready to verify."

T. A. HARRIS, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Atorney General, for the State.   There is no evidence to sustain the motion to quash the venire, and no defect exists of record.—*Garrett v. The State*, 97 Ala. 18; *Jordan v. The State*, 165 Ala. 114.   The plea of

[Harris v. The State.]

former jeopardy was subject to demurrer.—*Jeffreys v. The State*, 40 Ala. 381; *Noel v. The State*, 161 Ala. 25. The demurrer not being set out in the record, it will be presumed that the ruling of the lower court was correct. —*Bright v. The State*, 76 Ala. 196.

WALKER, P. J.—It does not appear from the record that the court was in error in overruling the defendant's motion to quash the venire, as the record proper does not show the existence of either of the defects complained of in the motion, and there is no bill of exceptions to disclose any matter dehors such record.—*Kimbell v. State*, 165 Ala. 118, 51 South. 16.

The defendant's plea of former jeopardy was subject to demurrer because of the failure of its averments to negative the conclusion that the defendant himself procured the reversal on appeal of the judgment of conviction rendered in the previous trial, which was pleaded as a former jeopardy.—*State v. McFarland*, 121 Ala. 45, 25 South. 625.

As the record does not disclose upon what grounds that plea was demurred to, it is to be presumed on appeal, in favor of the correctness of the rulings of the court below, that the demurrer pointed out the defect or defects in the plea which rendered it subject to demurrer.—*Bright v. State*, 76 Ala. 96.

Affirmed.