# Parker *v.* The State.

## *Murder.*

(Decided February 4, 1913.   60 South. 995.)

1. *Jury; Qualifications; Physical Deficiency.*—The provisions of section 7279, Code 1907, have reference to bodily deficiency and such disqualification may be established by the juror's own evidence.

2. *Same; Personal Opinion.*—Where a juror testifies that he will not vote to hang a person on circumstantial evidence, he is disqualified to sit in a trial of a capital felony.

3. *Same; Venire; Motion to Quash.*—The sustaining of excuses of jurors for alleged physical disqualification, if error, was not grounds for quashing the venire.—Section 29, Acts 1909, 317.

4. *Homicide; Evidence.*—Where the evidence tended to show that deceased ordered defendant to leave his premises, whereupon defendant replied that he ought to give deceased a whipping, and deceased answered, "Why don't you?" and defendant replied: "If you will come out here, I will," whereupon deceased went out into the yard and the fatal difficulty ensued, it is competent to show by another witness who was further away, but who saw the deceased on the front porch, and defendant in the yard, that he heard deceased say, "Why don't you?" and then heard someone else, who, he was not able to identify as defendant, say, "Come out here and I will."

5. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges covered by requested charges given.

6. *Same; Singling Out Evidence.*—Instructions are properly refused which single out and give undue prominence to parts of the evidence, or which assume as true facts which are for the determination of the jury.

7. *Appeal and Error; Harmless Error; Instructions.*—Where defendant was convicted of manslaughter in the second degree, he cannot complain of the refusal of charges pertaining solely to the higher offenses charged.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

Eldridge Parker was convicted of manslaughter in the second degree and he appeals. Affirmed.

ALLEN & BELL, for appellant. Counsel discuss the action of the court in excusing certain jurors on account of alleged physical infirmities, and their motion to quash the venire on account of such excuses, but without citation of authority. They discuss the errors of the court in admitting evidence of the witness who testified that somebody said "Come out here and I will," but without citation of authority. They insist on the authority of *Stevens v. State,* 1 Ala. App. 164, that they should have been permitted to ask the witness if he was as certain of that as anything else he testified to about. The statement of the court that the witness had answered the question two or three times was improper.—*State v. Griffin,* 90 Ala. 596. Counsel discuss other assignments of error relative to the evidence, but without further

citation of authority. They insist that the court improperly admitted evidence of character.—3 Enc. of Evid. 27; *Felix v. State,* 18 Ala. 720.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash venire did not charge fraud in the drawing or summoning of the jury, and no evidence is offered in support of the grounds thereof.—Acts 1909, p. 319; *Savage v. State,* 57 South. 469; *Jordan v. The State,* 165 Ala. 114; *Garrett v. State,* 97 Ala. 18. They discuss assignments of error relative to evidence and charges, but without citation of authority.

THOMAS, J.—The defendant was indicted and tried for murder in the first degree and convicted of manslaughter in the second degree. On the trial of the cause the defendant filed a motion to quash the venire on seven stated grounds, but as all are comprised in the last, we give it, to-wit: "For that the judge, in impaneling said venire, without authority of and contrary to law, excused one Van Hicks and on Lon Burford, jurors otherwise qualified, upon the statement of the juror that his physical condition was such as to render him unfit for jury duty, without legal proof being offered, and without proof as to what the physical condition of the said juror was." If any evidence was taken and offered in support of the motion, it does not appear in the record before us; on the contrary, in the bill of exceptions, immediately following the motion as there set out, we find this statement: "The court ascertained that said jurors were sworn as to the excuses rendered, and overruled said motion to quash." Section 7279 of the Code reads: "Any person who appears to the court unfit to serve on the jury, may be excused of his own motion, or at the

instance of either party." This has reference to bodily deficiencies.—*Lyman v. State*, 45 Ala. 77. We know of no rule of law rendering a juror incompetent to testify as to his own physical condition, or that would prevent the court from believing and acting alone on such testimony in excusing him, especially in the absence of impeaching evidence or suspicious circumstances. This has been the universal practice, so far as we know, from "the time whereof the memory of man runneth not to the contrary"; and there is nothing in the record here to show but what the jurors testified truthfully, or that would in the least raise any question as to the correctness of the action of the court in excusing them. The motion was properly overruled.—*Garrett v. State*, 97 Ala. 18, 14 South. 327; *Jordan v. State*, 165 Ala. 114; 51 South. 620; *Kimbell v. State*, 165 Ala. 118, 51 South. 16.

Besides, assuming as true the allegations contained in the motion filed, they would not be sufficient to quash the venire of jurors, as insisted upon in the motion, because the statute provides that "no objection can be taken to any venire of jurors except for fraud in drawing and summoning the jurors."—Acts 1909, p. 317, § 29.

In selecting the jury to try the case, upon the voir dire examination by the court of each juror as to the statutory grounds of challenge, one of them stated that he would convict a person on circumstantial evidence, but that he would not hang a person on circumstantial evidence. This juror was thereupon challenged by the state for cause, and was excused by the court. The defendant duly objected and excepted to this action of the court. This exact question has been expressly decided adversely to appellant in the case of *Jackson v. State*, 74 Ala. 26, where our Supreme Court say: "The juror declared, when examined on his voir dire, that while he was not opposed to a conviction on circumstantial evidence, he

[Parker v. The State.]

was opposed to hanging, or punishing capitally, on such evidence. He had, in other words, a fixed opinion against capital punishment, as prescribed by the laws of this state, based on circumstantial evidence. This was sufficient to disqualify him under the statute, the policy of which is to place positive and circumstantial evidence on the same basis of equality, so as to abolish all prejudice or discrimination against the latter, as a means or instrumentality for arriving at truth, in the process of judicial investigation of capital felonies against the state."—See, also, *Griffin v. State,* 90 Ala. 596, 8 South. 670.

One Hickman, a witness sworn and examined for the state, testified that he was in his room window across the street from where the killing occurred, and saw the deceased on the front porch of the latter's home and the defendant in the yard, and heard the deceased say, "Why don't you?" and then heard some one else say, "Come out here and I will." Whether or not it was the defendant who made this latter remark was for the jury to say from all the facts and circumstances in evidence, and it was entirely competent to prove the statement, although the witness, not being acquainted with the defendant's voice, could not say whether he made it or not. It is not usual for one witness to be able to testify as to all the facts in a particular case—each testifies to what he knows—and it is the function of the jury in their deliberations, aided by the argument of counsel, to gather together the segregated facts testified to by the several witnesses, if believed by them, and from them determine the main fact in issue. Other state's witnesses, who were nearer the scene of the difficulty and better acquainted with the participants, were able to give a fuller account of the details of what happened, and they swore that deceased ordered the defendant to

leave his (deceased's) premises; that defendant replied that he ought to give him (deceased) a thrashing or whipping, whereupon deceased said, "Why don't you do it then?" and defendant answered, "If you will come out here, I will;" that thereupon deceased went out in the yard to defendant, and the fatal difficulty occurred. The testimony of the witness Hickman, hereinbefore referred to, was corroborative of a portion of the testimony of these witnesses, and was entirely admissible, notwithstanding he could not tell who it was that said, "Come out here, and I will."

The foregoing is a sample of the many objections and exceptions, some 30 to 50, taken to the action of the court in its rulings on the admission and rejection of, evidence in the course of the long trial, where many witnesses were examined, and where every inch of ground was contested by the able counsel for the defendant. We have perused the record carefully, and we are not convinced that there was any error committed, and as neither of the objections or exceptions raises any new or novel points of such a character that a discussion of and decision upon it would be of value as a precedent for the future, we deem it unnecessary to discuss either of them.

The record contains in full the oral charge of the court, which clearly and correctly states the law applicable to every phase of the evidence, and in addition thereto are set out 27 written charges given at the request of defendant. There were 25 refused charges requested in writing by the defendant. It would serve no good purpose to discuss these several charges. It will suffice generally to say that some of them were covered in the written charges given at defendant's request, some of them related alone to the offense of murder, the refusal to give which, if error, was without

injury, because defendant was convicted of only manslaughter in the second degree, and the others are objectionable either as singling out and giving undue prominence to certain parts of the evidence, or in assuming as true facts which were for the jury to determine from all the evidence, or in stating erroneous propositions of law by ignoring certain elements in the doctrine of self-defense.

We are of opinion that the defendant had a fair legal trial, without error on the part of the lower court, and the judgment of conviction is therefore affirmed.

Affirmed.