# Garth v. The State.

## Murder.

(Decided May 15, 1913. 62 South. 383.)

1. *Jury; Venire; Misnomer.*—Where both the venire and the list served on defendant contained the name of J. Sam Bolding as a juror, and it appeared that Sam C. Bolding was the person intended and the person served and appearing in answer thereto, the variance was not ground for quashing the venire, and was not prejudicial.

2. *Same; Competency.*—Where jurors state that they would convict on circumstantial evidence, but would not impose capital punishment, they are disqualified under the statute.

3. *Homicide; Province of Court and Jury.*—Where the evidence was such that inferences could be reasonably drawn therefrom which would authorize a verdict of guilty of murder in the second degree, the general charge for defendant cannot be properly given.

4. *Same; Instructions; Self-Defense.*—Charges predicating a verdict of not guilty upon a finding of self-defense, but which fail to set out the elements constituting self-defense, are properly refused.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Wince Garth was convicted of murder in the second degree, and he appeals. Affirmed.

The charges referred to are as follows:

"(2) If you believe the undisputed evidence in this case, I charge you that the defendant acted in self-defense in striking Jim Bowman with a stick.

"(3) I charge you that the law does not imply or presume that defendant had malice towards the deceased from the fact that defendant struck deceased with a stick, but in determining whether or not malice existed in the mind of defendant or not you must look to all facts and circumstances in this case; and if after a careful consideration of all the facts and circumstances in the case you believe the defendant acted in self-defense in using the stick to prevent real or apparent danger to his life or limb, you should acquit the defendant."

KYLE & HUTSON, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Defendant's motion to quash the venire cannot be reviewed. It appears only by bill of exceptions.—*McQueen v. State*, 138 Ala. 63; *Gaines v. State*, 149 Ala. 29, 31; *Lacey v. State*, 154 Ala. 65, 70. Nor is the motion to quash based on the statutory provision requiring a charge of fraud in drawing or summoning.—Acts 1909, p. 317, Sec. 29; *Woodward v. State*, 59 South. Rep. 688; *Wright v. State*, 3 Ala. App. 24, 29; *Savage v. State*, 57 South. Rep. 469. Nor would a mistake in the name of any juror drawn or summoned be sufficient to quash the

venire.—Acts 1909, p. 320; *Longmire v. State,* 130 Ala.
66; *McCawley v. State,* 133 Ala. 128, 137; *Smith v.
State,* 145 Ala. 17, 22; *Untrinor v. State,* 146 Ala. 26,
33. The ruling of the court on the State's motion to
challenge for cause the jurors Collier, Neal, Woodall,
Edwards, Speer and Neal was without error. The ju-
rors stated that they did not think conviction should
be had on circumstantial evidence.—Code, Sec. 7278;
*Murphy v. State,* 37 Ala. 142, 147; *Tatum v. State,* 83
Ala. 5, 7; *Griffin v. State,* 90 Ala. 596, 599; *Calhoun v.
State,* 143 Ala. 11; *Whatley v. State,* 144 Ala. 68; *Un-
derwood v. State,* MSS. Charges refused to the de-
fendant (R. p. 21) were not numbered.—*Weaver v.
State,* 1 Ala. App. 48, 59.

PELHAM, J.—It was not a ground to quash the
venire that the name of "Sam C. Bolding" appeared as
"J. Sam Bolding" on the venire and on the list served
on the defendant. A mistake in the name of the juror
is not sufficient cause to quash the venire.—Acts 1909,
§ 32, p. 320; *Longmire v. State,* 130 Ala. 66, 30 South.
413. The juror Sam C. Bolding received the subpœna,
and appeared and was shown to be the person intend-
ed for service as a juror who was drawn and put upon
the venire as "J. Sam Bolding." The initials "J" or
"C" appearing either before or after "Sam," the name
distinguishing the juror, would not render the venire
subject to being quashed under the facts in this case,
nor would the defendant be prejudiced on account of
the name appearing thus on the list from which he was
required to strike.

The jurors challenged for cause by the state, who
upon their voir dire examination by the court stated
that they would convict on circumstantial evidence but
would not impose capital punishment on such evidence,

were disqualified under the statute, and the court was not in error in allowing the challenge for cause.— *Parker v. State,* 7 Ala. App. 9, 60 South. 995; *Jackson v. State,* 74 Ala. 26; *Griffin v. State,* 90 Ala. 596, 8 South. 670.

There were inferences that could be drawn from the evidence upon which the jury was authorized to find a verdict of guilty of murder in the second degree (the verdict returned by the jury), and the court correctly refused the general charge requested by the defendant.

Each of the other charges (numbered by us in the margin 2 and 3) is faulty in referring a question of law to the jury, in that they submit to the jury a finding on self-defense without defining the constituent elements of self-defense.—*Powell v. State,* 5 Ala. App. 75, 59 South. 530.

We find no error in the record, and the judgment of conviction will be affirmed.

Affirmed.