# CASES

## IN THE

# COURT OF APPEALS OF ALABAMA

### NOVEMBER TERM 1912-13.

## Davis *v*. The State.

### *Murder.*

(Decided May 22, 1913.  62 South. 374.)

1. *Jury; Competency.*—Where a juror states that he would convict on circumstantial evidence, but would not inflict the death penalty, he was properly excused, and his name properly stricken from the list, for the trial of a capital felony.  (Section 7278, Code 1907.)

2. *Homicide; Self-Defense; Instruction.*—Where there was evidence tending to show that defendant was not free from fault in bringing on the difficulty, a charge requested by him asserting that if he had stood still or retreated, he would have suffered death or great bodily harm, then he had the right to advance on deceased and cut him, was properly refused as failing to predicate freedom from fault.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Clarence Davis was convicted of murder in the second degree, and he appeals.  Affirmed.

The charge refused to the defendant is as follows: "If you believe from the evidence in this case that if defendant had stood still or retreated he would have suffered death or great bodily harm, the defendant had the right to advance on the deceased and cut him."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN. Assistant Attorney General, for the State.

1 CA

WALKER, J.—The statement of Mr. Rhodes, one of the persons summoned as a juror, that "he would convict on circumstantial evidence, but would not hang on it," showed that he did not possess one of the qualifications required of a juror in a capital case; and the court committed no error in excusing him and refusing to put his name on the list from which a jury for the trial of the case was to be selected.—Code, § 7278; *Jackson v. State,* 74 Ala. 26; *Griffin v. State,* 90 Ala. 596, 8 South. 670; *Parker v. State,* 7 Ala. App. 9, 60 South. 995.

The written charge refused to the defendant was properly refused because of its failure to predicate the defendant's freedom from fault in bringing on the difficulty. There was evidence tending to prove that he was not free from fault in this respect.

No error is found in the record.

Affirmed.