# Tarpey *v.* The State.

## *Violating Prohibition Law.*

(Decided June 12, 1913.  63 South. 17.)

1. *Appeal and Error; Review; Matters to be Shown.*—A motion to quash an indictment should be set out in the bill of exceptions to be considered on appeal; its appearing in the record is not sufficient to authorize its review.

2. *Same.*—Where the demurrers are not set out in the record or elsewhere in the transcript, they cannot be reviewed, although the judgment entry recites that demurrers to the indictment were overruled.

3. *Intoxicating Liquors; Evidence, Revenue License.*—A United States revenue tax stamp authorizing defendant to engage in the business of a retail liquor dealer, covering the place and time in question, is admissible in a prosecution for maintaining an unlawful drinking place, although it covered a period subsequent to the finding of the indictment.

4. *Appeal and Error; Harmless Error; Evidence.*—Where an entire document is admitted in evidence, any error in subsequently admitting a part of it over objection is harmless.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Jerry Tarpey was convicted of violating the prohibition law, and he appeals. Affirmed.

EYSTER & EYSTER, for appellant. While in a proper case the United States Revenue stamp tax is admissible, it was not admissible here, because it contained two months authorizing the business after the finding of the indictment.—Section 22½, Acts 1909, p. 84. The evidence was not sufficient to sustain a conviction.— *Edge v. Bessemer*, 164 Ala. 199; *Toole v. State,* 170 Ala. 41.

[Tarpey v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash the indictment was properly overruled. The objection was not taken by plea in abatement.—Acts 1909, Section 23, page 315.—*Odom v. State,* 1 Ala. App. 68; *Crandall v. State,* 2 Ala. App. 112; *Mathes v. State,* 3 Ala. App. 7, 12. The motion to quash the indictment was in the irrevisible discretion of the court.—*Johnson v. State,* 134 Ala. 54; *Mosely v. State,* 1 Ala. App. 108. Nor is the motion to quash set out in the bill of exceptions.—*Jordan v. State,* 165 Ala. 114; *Kimbell v. State,* 165 Ala. 18. The rulings of the court on the objections to evidence have been sustained in the following cases: —*Strange v. State,* 5 Ala. App. 202; *Woodward v. State,* 5 Ala. App. 164.

PELHAM, J.—The defendant was convicted of maintaining an unlawful drinking place, in violation of the prohibition laws. The record shows a motion to have been made to quash the indictment, but the motion is not set out in the bill of exceptions.—*Kimbell v. State,* 165 Ala. 118, 51 South. 16; *Jordan v. State,* 165 Ala. 114, 51 South. 620. The recitals of the judgment entry show demurrers to the indictment to have been overruled; but what these demurrers were or what supposed defect they attempted to reach we are not informed, as no demurrers are shown by the transcript.—*Ala. Chem. Co. v. Niles,* 156 Ala. 298, 47 South. 239; *C. of Ga. Ry. Co. v. Ashley,* 160 Ala. 580, 49 South. 388.

The certified copy of the United States internal revenue license tax stamp offered in evidence covered the place in question and the period of time involved, and authorized the defendant to engage in the business of a retail liquor dealer for the calendar year, commencing the 1st day of July, 1910, and ending the 30th day of

June, 1911. It was not objectionable or inadmissible because some of the coupons attached to the special stamp tax stub showed that the defendant was authorized to carry on the business in the months of May and June, 1911, subsequent to the finding of the indictment in April. Nor does it appear from the recitals in the bill of exceptions that objection was interposed to this part of the copy of the stub of the record on that ground when the certified copy was offered as a whole. The entire document having once been admitted in evidence without such an objection interposed, the subsequent objection to the introduction of a part of it (the whole being already in evidence) would not be available as a predicate for showing reversible error, as the subsequent admission of this part of the document, if error, would be without injury under such circumstances. Besides, as we have said, the certified copy of the stub was to the effect that a certain revenue license and internal revenue tax stamp had been issued to the defendant authorizing him to engage in the business for the designated period of an entire year, commencing the 1st day of July, 1910, and ending on the 30th day of June, 1911, and the certified copy was admissible as a whole.

Other questions presented on this appeal have been heretofore passed upon adversely to the appellant's contention, in the cases of *Strange v. State,* 5 Ala. App. 164, 59 South. 691, and *Woodward v. State,* 5 Ala. App. 202, 59 South. 688.

Affirmed.