(77 South. 77))

BRIDGEFORTH v. STATE. (8 Div. 523.)

(Court of Appeals of Alabama. June 30, 1917. Rehearing Denied Nov. 13, 1917.)

1. INTOXICATING LIQUORS ☞236(4)—PROSE-CUTION—EVIDENCE—FOUNDATION.

In prosecution for violation of prohibition law, testimony of two witnesses for the state that accused was in possession of the premises where they found liquor sufficiently connected accused with both the premises and the possession of the liquor to render their testimony admissible, notwithstanding testimony of several witnesses for accused that she was not in possession of such premises.

2. INTOXICATING LIQUORS ☞238(2)—PROSE-CUTION—QUESTION FOR JURY.

In prosecution for violation of prohibition law, testimony of state's witnesses as to finding liquor on accused's premises *held* sufficient to go to the jury and, if believed, to convict.

3. CRIMINAL LAW ☞1121(2)—APPEAL—REC-ORD—REFUSAL OF AFFIRMATIVE CHARGE.

Where all the evidence is not set out in the record, error cannot be predicated upon refusal to give the general affirmative charge for accused, since the appellate court will presume that omitted evidence justified such refusal.

Bricken, J., dissenting.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Alice Bridgeforth was convicted of violating the prohibition law, and appeals. Affirmed.

H. V. Cashin, of Decatur, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. After a careful consideration of this case, I have reached the conclusion that the court should have directed a verdict for the defendant as requested in writing. But the other members of the court do not concur in this conclusion, their views being stated by SAMFORD, J., and in accordance therewith the judgment of the lower court must be affirmed. My views are as follows:

· The defendant was convicted for the offense of violating the prohibition law. A careful examination of the entire case fails to disclose any evidence, the tendency of which connects the defendant with either of the offenses charged in the affidavit. There was no evidence offered on the trial, nor was there any attempt to show that the defendant sold, offered for sale, or otherwise disposed of prohibited liquors. The evidence of the state consisted solely in the testimony of the officers who found some whisky buried in a barn in the city of Decatur. The barn was in the same neighborhood where the defendant lived and conducted her restaurant, but there was no testimony that in any manner connected the defendant with either the control or possession of this whisky, nor the control or possession of the premises upon which it was found.

The measure of proof in this case, as in all criminal cases, is that the evidence must satisfy the jury beyond a reasonable doubt that the defendant was guilty of one of the offenses comprehended in the affidavit. There was no such evidence in the instant case, and nothing in the case upon which a verdict of guilty could be predicated.

## Opinion of the Court.

SAMFORD, J. The defendant was charged with a violation of the prohibition law, was tried, convicted, and from the judgment of conviction she appeals.

On the trial, J. V. Mays, a witness for the state, testified as follows: That some time last January he made a raid on the premises of defendant on Bank street, in Decatur, Ala., and found 12 quart bottles of whisky, in the barn at the back of her restaurant, buried in the ground in the barn; that it was the barn on her premises, right back of where she lived and ran a restaurant; that the barn was occupied by her; that she had a horse and buggy in the barn, and it was in this barn that he found the whisky; that the north side of the barn was separated from the south side by a hog wire fence; that there was a hole in this wire partition fence; and that witness went through this hole into the south side of the barn, and it was on the south side of the barn that he found the whisky. J. A. Forman, another witness for the state, testified that he was the sheriff of Morgan county; that on or about the 15th of January, 1916, he made a raid on the defendant's premises on Bank street, in Decatur, Ala., in Morgan county, and found a quantity of whisky in a barn at the back of the defendant's house where she kept a restaurant; that there was a barn about 30 feet wide at the back of the place; he went in the north part of the barn and then through a hole in the wire partition between the two sides of the barn to the south side of the barn, where he found the whisky; that it was buried in the ground, covered with dirt and dust; that there were 12 quart bottles and more; that the defendant was in possession of the premises, and she had an old carriage, and a horse was in the barn also; it was her horse.

The defendant's testimony tended to show that the south side of the barn was not in the possession of the defendant, but that it was owned by the estate of one Lampkin, and was at the time of the raid in the possession of the Lampkin estate.

[1] The bill of exceptions then states that the state introduced a copy of an application for writ of injunction by defendant to Morgan county law and equity court, during the year 1912, to restrain and enjoin A. B. Lampkin for the rental of the property upon which the said whisky was found, but the copy of the application for the writ does not anywhere appear in the record. The defendant objected to the introduction of this document, ·

and duly excepted to the overruling of her objection. The defendant, by separate motion, directed to the testimony of each witness, moved to exclude the testimony of the two state witnesses, because it did not connect the defendant with the possession of either the prohibited liquors or the premises where same were found, and did not show that Alice Bridgeforth, the defendant, had any control or authority over the said premises, at the time of the commission of the offense alleged. The court overruled this motion, and the defendant excepted. We are of the opinion that the court did not commit error in this ruling. Both of these witnesses testified that the defendant was in possession of the premises, and, while the defendant introduced several witnesses who testified that she was not in possession of that side of the barn, the evidence was sufficient to go to the jury, to be weighed and considered by them.

The copy of the application for a writ of injunction not being in this record, we cannot pass upon the question as to whether or not it was properly excluded.

[2, 3] The court did not err in refusing to give the general affirmative charge as requested in writing by the defendant, for two reasons: In the first place, the testimony of the two witnesses examined by the state was sufficient to go to the jury, and, if believed by the jury, to support a verdict of conviction; and, second, it affirmatively appears that all of the evidence before the trial court is not set out in the record, and therefore this court will presume that the document omitted in itself was sufficient to justify a refusal of the general affirmative charge as requested.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.

BRICKEN, J., dissenting.