(88 South. 39)

## HEARD v. STATE. (5 Div. 333.)

(Court of Appeals of Alabama. Jan. 11, 1921.)

1. CRIMINAL LAW ⟨⟩363—EVIDENCE AS TO PERSONS PARTICIPATING IN GAMBLING AT TIME OF HOMICIDE HELD RES GESTÆ.

In homicide case, where it appeared that defendant and deceased were engaged in gambling when the difficulty occurred, court properly permitted solicitor to ask witness, "Were all those people you just named in the game?" being clearly a part of the res gestæ.

2. CRIMINAL LAW ⟨⟩753(2) — AFFIRMATIVE CHARGE FOR DEFENDANT PROPERLY REFUSED, WHERE EVIDENCE WARRANTED CONVICTION.

Where the evidence would warrant a conviction, court should refuse an affirmative charge for defendant.

3. HOMICIDE ⟨⟩300(3)—CHARGE NOT DEFINING SELF-DEFENSE PROPERLY REFUSED.

A requested instruction in a homicide case to acquit defendant if he shot deceased in self-defense was properly refused, where it did not define self-defense.

4. CRIMINAL LAW ⟨⟩763, 764(3, 4)—CHARGE HELD PROPERLY REFUSED AS INVADING PROVINCE OF JURY.

In a homicide case, a requested charge, "There is no evidence in this case that the defendant brought on the difficulty which resulted in the killing of the deceased," was properly refused, as invading the province of the jury.

5. CRIMINAL LAW ⟨⟩1144(18)—OVERRULING OF MOTION FOR NEW TRIAL PRESUMED PROPER, IN ABSENCE OF EVIDENCE OFFERED IN SUPPORT.

Where it does not appear from the record what, if any, evidence was offered in support of a motion for a new trial, it must be held that it was properly overruled.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Luther Heard was convicted of murder in the second degree, and he appeals. Affirmed.

Following charges were refused to the defendant:

(7) If you believe from the evidence that the defendant acted in self-defense, as the court has defined self-defense to you, when he shot Fate Sullivan, then the fact that the defendant afterwards carried, or assisted in carrying, the dead body of the defendant away would not take away from the defendant his defense of self-defense, and if you believe from the evidence that the defendant acted in self-defense, when he shot the deceased, you should find the defendant not guilty, notwithstanding the fact that the defendant afterwards took away the dead body and buried it.

(8) There is no evidence in this case that the defendant brought on the difficulty which resulted in the killing of the deceased.

James W. Strother, of Dadeville, for appellant.

No brief reached the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant was not entitled to the affirmative charge. Ante, p. 162, 82 South. 652. Charge 7 is predicated on self-defense, without defining self-defense. 8 Ala. App. 23, 62 South. 383. Charge eight invades the province of the jury. 167 Ala. 4, 52 South. 605. No evidence was submitted on the motion for new trial. 16 Ala. App. 545, 79 South. 804.

MERRITT, J. The appellant was indicted for and convicted of murder in the second degree, and the jury fixed his punishment at 10 years' imprisonment in the penitentiary.

The evidence shows that the defendant and four other persons were present at the time of the homicide, and that defendant, deceased, and another were engaged in gambling at cards; that a dispute arose over a 25-cent piece, and as a result defendant shot and killed one Fate Sullivan. The evidence tends to indicate that the defendant threw this

coin down for the purpose of betting it, and that deceased picked it up; that defendant told deceased to put the quarter down, and deceased refused; that defendant at this juncture shot deceased, after deceased, according to some of the evidence, made a motion as if to draw a gun, or did actually draw the gun and shot at defendant.

[1] Only one exception was reserved during the taking of the testimony. Jack Nelson testified as to who was present at the time of the shooting and that they were gambling. The solicitor then asked the witness, "Were all those people you just named in the game?" To this question the defendant's counsel objected. This was clearly a part of the res gestæ and was admissible. The affirmative charge was refused to the defendant.

[2, 3] There was evidence warranting a conviction, and, this being true, the charge was properly refused. Holyfield v. State, 82 South. 652.[1] Refused written charge 7 was properly refused for the reason that it predicated a verdict of not guilty upon a finding of self-defense without defining self-defense. Garth v. State, 8 Ala. App. 23, 62 South. 383.

[4] Refused charge 8 was properly refused, as it invaded the province of the jury. Crumpton v. State, 167 Ala. 4, 52 South. 605.

[5] It does not appear from the record what, if any, evidence was offered in support of the motion for a new trial, and it was properly overruled. Crawley v. State, 16 Ala. App. 545, 79 South. 804.

There being no error in the record, the judgment of conviction is affirmed.

Affirmed.