(107 So. 800)

## SIKES v. STATE.  (4 Div. 173.)

(Court of Appeals of Alabama.  Nov. 24, 1925. Rehearing Denied Jan. 12, 1926.)

1. Intoxicating liquors ⊗⟞238(1).

Evidence *held* to make question of defendant's possession of intoxicating liquors for jury.

2. Intoxicating liquors ⊗⟞233(1) — Evidence that empty vessels, smelling of whisky, were found on defendant's premises at time of alleged sale, is admissible to prove offense.

Evidence that empty vessels, smelling of whisky, were found on defendant's premises at time of alleged sale, is relevant as tending to prove that defendant had been disposing whisky.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Jim Sikes was convicted of violating the prohibition law, and he appeals.  Affirmed.

Certiorari denied by Supreme Court in Sikes v. State, 107 So. 801, 214 Ala. 308.

D. A. Baker, of Troy, for appellant.

The evidence must tend to connect the accused with the offense, and evidence of facts and occurrences for which some other party, as well as the accused, might have been responsible, cannot be received.  Munkers v. State, 6 So. 357, 87 Ala. 94; Cooper v. State, 8 So. 821, 90 Ala. 641.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

That a jug was found in defendant's car house, smelling of liquor, was competent. Hogg v. State, 89 So. 859, 18 Ala. App. 179; Love v. State, 97 So. 126, 19 Ala. App. 293. Testimony that tracks led from the store of defendant to the liquor was admissible. Jones v. State, 93 So. 332, 18 Ala. App. 626; Hopkins v. State, 93 So. 40, 18 Ala. App. 423. The evidence was conflicting, and sufficient, from which the jury might draw a reasonable inference of guilt.  Hogg v. State, supra; Arthur v. State, 97 So. 158, 19 Ala. App. 311.

SAMFORD, J.  [1] The evidence for the state tended to prove that, within the time laid in the indictment, the officers found a one-gallon glass jug containing 3 quarts of rum, in a bunch of bushes, and about 45 yards from defendant's store, that about 50 yards further on they found a keg containing about 7 gallons, and in defendant's "car house" was found a demijohn which "smelled like" it had contained rum; that there was a path leading from defendant's store to the point where the keg was found, in which were some tracks recently made leading from the keg to the store.  The path led from defendant's storehouse to the keg and nowhere else, and at the keg was a rubber tube used for drawing the whisky from the keg.  In the rear end of defendant's store was a window overlooking the path and the places where the whisky was found, and, while the officers were looking and searching, defendant was at this window, inside of his store, watching them in their efforts.  The question of possession was for the jury.  Bridgeforth v. State, 77 So. 77, 16 Ala. App. 239.

[2] In a prosecution for selling whisky, it is relevant to prove that empty vessels smelling of whisky were found on defendant's premises at the time of the alleged offense, as tending to prove that defendant had been disposing of whisky.  It cannot be inferred, as is contended by appellant, that the path referred to passed from the street or road and was made by persons passing across the open store lot, going to and from the woodland or pasture back of the store.  There is not only no evidence to support this contention, but the evidence is that the path led from the store of defendant to the keg and nowhere else.  There can be but one inference drawn from this fact, and that is that the path constituted a line of communication between the keg of whisky and the store, and the presence of the rubber tube would indicate ready access to the contents of the keg.

The rulings of the court upon the admissibility of testimony, if error, are without injury to the defendant's substantial rights.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.