# Quinn *v.* The State.

### Violating Prohibition Law.

(Decided April 3, 1917.   74 South. 743.)

1. **Intoxicating Liquors; Evidence; Account Book.**—Where a defendant was accused of furnishing the witness liquor to be sold for their mutual benefit, the account book of defendant showing the transaction was admissible where the witness testified to seeing the identical entries made by defendant.

2. **Evidence; Accomplice; Misdemeanor.**—The provisions of § 7879, Code 1907, apply only to felonies, and in a prosecution for a misdemeanor a conviction may be had upon the testimony of an accomplice without corroboration.

3. **Trial; Admission of Evidence; Waiver.**—Objections to the introduction of entries in an account book was waived and rendered harmless when defendant subsequently asked and was permitted to introduce the whole book.

4. **Intoxicating Liquors; Evidence.**—Where a defendant was accused of furnishing a witness liquor to be sold for their mutual benefit, it was proper to ask the witness where he got the liquor.

5. **Evidence; Handwriting.**—Witnesses who had often seen defendant write, and had frequently seen his handwriting, were competent to express an opinion that an account book showing sales of liquor was in the handwriting of defendant.

6. **Evidence; Competency.**—Whenever evidence is pertinent and tends to prove the issue in a criminal case, it is competent.

7. **Trial; Jury Question.**—It is the province of the jury to determine the weight and sufficiency of the evidence.

8. **Same; Credibility.**—It is the province of the jury in a criminal case to determine the credibiltiy of the witness.

9. **Witnesses; Impeachment; Defendant.**—Where a defendant testifies in his own behalf, it is competent for the state to introduce evidence showing his bad character for truth and veracity.

10. **Charge of Court; Directing Verdict.**—Where there is a conflict in the evidence, or there is evidence tending to show or affording an inference of the guilt of defendant, the court cannot properly direct a verdict of acquittal.

11. **Same; Reasonable Doubt.**—It is the duty of the jury to acquit if, after considering all the evidence, they have a reasonable doubt as to defendant's guilt, but an instruction requiring the jury to believe all the evidence before they can convict was improper, since this would render a conviction impossible, if there was a conflict in the evidence.

12. **Same.**—An acquittal cannot be predicated upon the reasonable doubt of one juror.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

C. Evans Quinn was convicted of violating the prohibition law, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

·(1) Under the law and evidence in this case if you believe it, you will acquit.

. (2) I charge you that you must believe beyond a reasonable doubt, all of the evidence in this case before you can convict the defendant.

(3) I charge you that if any one member of this jury has a reasonable doubt of the guilt of defendant, they must acquit defendant.

(4) I charge you that under the testimony of the negro, Joiner, said Joiner was an accomplice of defendant, and under the law no man can be convicted on the uncorroborated testimony of an accomplice.

R. D. COFFMAN, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BRICKEN, J.—The defendant was convicted of violating the prohibition law, and appeals. The evidence of the state tended to show that the defendant engaged or employed state witness Joiner to sell spirituous, vinous and malt liquors for him; that he furnished to said witness from time to time large quantities of liquors for this purpose, and kept an account of said liquors so furnished in a book which defendant delivered to said witness Joiner, the entries therein being made by the defendant; that said liquors so delivered were sold and kept for sale in a house belonging to the defendant, and in which the witness Joiner lived; that on many occasions the defendant was present when the prohibited liquors were sold to numerous named parties and when it was being drunk by them in the house belonging to defendant and on his place in Jefferson county.

(1) There were several exceptions to the rulings of the court upon the evidence, the first insistence of error being that the court erred in allowing the state to introduce in evidence, in connection with the testimony of the witness Joiner, a book produced by said witness, which contained charge items for several

[Quinn v. The State.]

hundred dollars worth of spirituous and vinous and malt liquors alleged to have been delivered by defendant to state witness Joiner, and sold by him for their mutual benefit to numerous named parties. The grounds of objection to the introduction of this book were "that the items contained therein were not self-proving, and had not been sufficiently identified and connected with defendant; and, further, that they were incompetent, in that they were produced and testified to only by an accomplice whose testimony was uncorroborated." There was no merit in either contention, for, in the first instance, the witness Joiner had testified to the defendant's having given him the book which he had kept in his possession, and that he actually saw the defendant make the identical entries in the book which were objected to. The effect of this testimony may have been to positively identify the items as having been made by the defendant, and the court, under this testimony, commited no error in letting it go to the jury.

(2, 3) The second ground of objection is palpably without merit, in that the law as to the corroboration of an accomplice applies only in felony cases (Code 1907, § 7879) ; in misdemeanors, a conviction may be had on the evidence of an accomplice without corroboration, if the jury credit him. His complicity goes only to his credibility, and of that the jury must judge, as they judge the credibility of other witnesses.—*Moses v. State,* 58 Ala. 117. Therefore there was no error in the ruling of the court in allowing the book to be introduced in evidence in connection with the testimony of witness Joiner. The objection and exception in this instance were rendered harmless also by the defendant subsequently asking that the whole book be introduced. —4 Ency. Dig. Ala. Rep. 579, § 777 (3).

(4) The court properly overruled the objection of defendant to the question propounded to witness Joiner as to "where he got the whisky and beer that he sold." This witness had testified without objection: "I kept whisky there all the time, which whisky was supplied to me by Mr. Quinn [the defendant], and which I sold when any one came for it."

This testimony was highly relevant and material under a charge for the violation of the prohibition law, and was but another way of saying that the defendant sold or otherwise disposed of the prohibtied liquors as charged in the indictment to the witness Joiner.

(5) There was no error in the ruling of the court in connectiontion with the testimony of witnesses Alexander and Skelton, both of whom had testiged that they had seen the defendant write on many occasions, and had seen his handwriting frequently. Under this testimony, these witnesses were qualified to give it as their opinion that the handwriting in the book which contained numerous charge items of whisky, beer, etc., was that of the defendant, and that the writing and figures looked like his writing and figures. When there is a question as to the person by whom any document was written or signed, the opinion of any person acquainted with the handwriting of the supposed writer that it was or was not written or signed by him is deemed a relevant fact.—Reynolds' Stephens on Evidence, art. 51; Lawson on Expert and Opinion Evidence, pp. 299, 300; *Karr v. State,* 106 Ala. 1, 17 South. 328.

(6-8) The defendant made a motion to exclude the evidence offered by the state on the ground "that it was insufficient upon which to base a conviction, and on the further ground that the same was insufficient to sustain or make out any illegal sale by or connected with the defendant," which motion was overruled. In this the court committed no error; for wherever evidence is pertinent and tends to prove the issue, it is competent. Its sufficiency is a question exclusively for the determination of the jury.—*Alsobrooks v. State,* 52 Ala. 24. It is the province of the jury to determine the weight and sufficiency of the evidence, including the credibility of the various witnesses.—1 Greenleaf, Evidence, § 49; *Storey v. State,* 71 Ala. 329, 336.

(9) The defendant testified as a witness in his own behalf, and thereby subjected himself to impeachment in the same manner as other witnesses; therefore the court committed no error in allowing the state to show the defendant's bad character for truth and veracity, and that from the defendant's character in this respect the witness Hartsfield would not believe him on oath; neither did the court err in overruling the motion of the defendant to exclude this testimony.

(10) Charge 1 was properly refused. The general affirmative charge in favor of the defendant is properly refused, if there is any evidence tending to show, or affording an inference of, guilt. —*Finney v. State,* 10 Ala. App. 39, 44, 65 South. 93; *Turner v. State,* 97 Ala. 57, 12 South. 54; *Hargrove v. State,* 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126.

[Shiver v. Phillips-Boyd Publishing Co.]

(11) Charge 2 was bad, in that it required the jury to believe all of the evidence in the case beyond a reasonable doubt, etc. The rule is that if, after considering all of the evidence in the case, the jury does not believe beyond a reasonable doubt that the defendant is guilty, they should acquit. The rule laid down in charge 2 would require the jury to believe beyond a reasonable doubt all of the evidence both of the state and of the defendant, and would, practically in every case to be tried in the courts, render it impossible to arrive at a verdict of guilt if there was any conflict in the testimony. The proposition of law which, doubtless, was intended to be covered by this charge was given in written charge C. There was no error in the refusal of charge 2.

(12) Refused charge 3 was patently bad, in that it predicates an acquittal upon the reasonable doubt of the guilt of the defendant by one juror.

There was no error in refusing charge 4, for the law as to corroboration of an accomplice applies only in felony cases.— Code 1907, § 7897.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.