(104 So. 687)

### THOMAS v. STATE. (8 Div. 338.)

(Court of Appeals of Alabama. June 9, 1925.)

Intoxicating liquors ⟨key⟩236(6½) — Evidence held insufficient to sustain conviction.

In liquor prosecution, evidence that bottle was found in front of defendant's house and testimony of defendant's enemy that defendant had placed it there, *held* insufficient to sustain conviction.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Marion T. Thomas was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

W. H. Long, of Decatur, for appellant.

It was error to refuse the affirmative charge requested by defendant. Roberson v. State, 18 Ala. App. 69, 88 So. 355; Adams v. State, 18 Ala. App. 143, 90 So. 42; Ex parte Acree, 63 Ala. 234; Spelce v. State, 17 Ala. App. 401, 85 So. 835; Ewing v. State, 18 Ala. App. 166, 90 So. 136.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The question who placed the bottle where it was found was for the jury. Ex parte State, 210 Ala. 55, 97 So. 426.

SAMFORD, J. A one-half pint of whisky was found by the sheriff in front of the premises of defendant, between the sidewalk and street, in the grass by a tree. There was a fence around defendant's premises. One Miller testified that about 9 a. m. he had seen defendant put a bottle by a tree in front of defendant's house, and that he (witness) then quit work and went and told the sheriff where to go to find the bottle. This witness did not describe the bottle or know what it contained. The sheriff found the bottle about 11 a. m. It was shown that Miller had bad feeling towards defendant, and had tried to buy defendant's property, which defendant had refused to sell. It appears that the enmity between the two was because defendant was a "union sympathizer" and Miller was a "strikebreaker." Defendant denied any knowledge of the one-half pint of whisky, and the two sons of defendant and the showing of one Snider was to the effect that they had seen Miller put a bottle down near the tree about 9 a. m. and then go off, and in about an hour the sheriff came and found the bottle at the place where Miller had put it.

The facts in this case do not sufficiently identify the bottle found by the sheriff so as to connect defendant with its possession. For aught that appears, the bottle found by the sheriff was not the bottle testified to by Miller as having been in possession of defendant. The defendant should have been given the general charge. Failing in that, the court should have granted defendant's motion for a new trial. If convictions of this character are permitted to stand the innocent are left "naked before their enemies," a state of facts too easily simulated to be looked on with favor by the courts of the country.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.