### GIPSON et al. v. STATE. (8 Div. 340.)

(Court of Appeals of Alabama. Feb. 16, 1926.)

**1. Intoxicating liquors ⊚⊸236(1)—Conviction cannot stand, unless required degree of proof met.**

Person charged with violation of prohibition law is entitled to same consideration as one charged with any other crime, and court cannot permit convictions to stand, unless state meets required burden of proof.

**2. Criminal law ⊚⊸560.**

Proof is insufficient to warrant verdict of guilty, if conduct of accused is, on reasonable hypothesis, consistent with his innocence.

**3. Criminal law ⊚⊸308.**

Every person accused of crime is presumed innocent until his guilt has been legally proven.

**4. Intoxicating liquors ⊚⊸236(19).**

To convict of possessing still, jury must be convinced beyond reasonable doubt of possession of complete still usable for manufacturing prohibited liquor.

**5. Criminal law ⊚⊸561(1).**

Every material ingredient of offense charged in criminal case must be proved beyond a reasonable doubt.

**6. Criminal law ⊚⊸1059(2).**

Exceptions to oral charge not specific are insufficient to present anything for review by Court of Appeals.

**7. Criminal law ⊚⊸805(1), 829(1).**

Requested charge was properly refused when elliptical and fully given in substance in court's oral charge.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Murl Gipson and Alva Potts were convicted of manufacturing prohibited liquor and possessing a still, and they appeal. Affirmed.

Watts & White, of Huntsville, for appellants.

One charged with violation of the prohibition law is entitled to the same consideration as one charged with any other crime, and courts cannot permit convictions, unless the state meets the burden of proof. Clark v. State, 90 So. 16, 18 Ala. App. 217; Moon v. State, 95 So. 880, 19 Ala. App. 176; Hanson v. State, 96 So. 655, 19 Ala. App. 249; Guin v. State, 94 So. 788, 19 Ala. App. 67; Moultrie v. State, 101 So. 335, 20 Ala. App. 258; Hogland v. State, 102 So. 784, 20 Ala. App. 461.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Exceptions to the oral charge, not properly taken, will not be considered. Holladay v. State, 101 So. 86, 20 Ala. App. 76; Forsythe v. State, 100 So. 198, 19 Ala. App. 669. Requested charges for defendant were properly refused. Floyd v. State, 94 So. 192, 18 Ala. App. 647; Dubose v. State, 101 So. 911, 20 Ala. App. 193.

RICE, J. [1-5] It is true, as set out in the brief filed on behalf of appellants on this appeal, that a person charged with the violation of the prohibition law is entitled to the same consideration as one charged with any other crime, and that the courts cannot permit convictions to stand, unless the state meets the required burden of proof; also that

proof is insufficient to warrant a verdict of guilty, if the conduct of the accused is, upon a reasonable hypothesis, consistent with his innocence; also that every person accused of crime is presumed to be innocent, and that this presumption attends the accused until his guilt has been legally proven; also that in order to convict the defendant of possessing a still the jury must be convinced beyond a reasonable doubt that he was in possession of a complete still which could be used for the manufacture of liquor (prohibited); also that every material ingredient of the offense charged in a criminal case must be proved beyond a reasonable doubt. But none nor all of these neatly stated legal principles can avail the appellants here.

[6] In the first place, it appears that nothing inconsistent with the same was given in charge by the learned trial judge to the jury trying the case. But, even so, the exceptions undertaken to be reserved to portions of the said oral charge are not specific, and hence not sufficient to present anything here for review. Forsythe v. State, 100 So. 198, 19 Ala. App. 669.

There was no error in refusing to give appellants' requested charge 1, the affirmative charge as to count 1. Floyd v. State, 94 So. 192, 18 Ala. App. 647.

[7] Appellants' requested charge 2 was elliptical, and for this reason, if no other, properly refused. Anyway, though, the same principle of law sought to be stated therein was, we think, fully given in substance to the jury in the trial court's fair and accurate oral charge.

We have carefully examined the record for prejudicial error, and find none. There were no exceptions reserved on the taking of testimony. It appears that appellants have had a fair trial. Let the judgment of conviction be affirmed.

Affirmed.