(136 So. 493)

**LEACH v. STATE.**

8 Div. 406.

Court of Appeals of Alabama.
June 23, 1931.

Rehearing Denied Aug. 4, 1931.

Henry D. Jones, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was charged by affidavit and warrant with the offense of violating the state prohibition law by having whisky in his possession. The prosecution originated in the county court, in which court he was tried and convicted and appealed to the circuit court, where he was tried by a jury upon a complaint filed by the solicitor. He was again convicted, and appealed to this court.

The evidence in this case disclosed without dispute that in a room, which defendant voluntarily admitted was his room, the searching officers found secreted under the floor a ten-gallon keg containing whisky, and that a small pipe came up through the floor from the keg into the said room. The defendant (appellant) was present when the officers began to search and informed them there was no whisky there. It is also without dispute in the evidence that he undertook to divert the officers from the house and invited them out to search the garage which contained his automobile; that he unlocked the door of the garage for the officers who searched the garage and found nothing. After which they went into the room beneath the floor where the keg of whisky was secreted, and that he (appellant) immediately left when they went into the room to search, and was gone when they came out with the keg of whisky. He was arrested a day or two afterwards. This evidence was sufficient in our opinion to make a jury question; all of

the foregoing being without dispute. The affirmative charge was properly refused. Other exceptions reserved to the court's rulings have been examined, but we find no error of a reversible nature. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

In considering the application for rehearing we have attentively examined and considered the entire evidence adduced upon the trial of this case in the court below. We adhere to the conclusion reached by us, and announced in the original opinion, to the effect that the evidence as a whole presented a jury question, and therefore the court was without authority to direct a verdict. The law is: "The general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it." Ode Grimes v. State, ante, p. 378, 135 So. 652, 653, and numerous cases therein cited.

The purport of the earnest insistence of appellant's counsel, on rehearing, is that this court will hold the evidence of the several state's witnesses to be "negative," or untrue. This, of course, we cannot do, as we are without authority to substitute ourselves for the jury. The probative force of the evidence and the weight to be accorded is the province of the jury; not for the court to determine. Each of the several state witnesses testified to facts sufficiently incriminating to carry the question of the guilt or innocence of the accused to the jury.

Application overruled.