(136 So. 492)

## PROUTY v. STATE.

### 7 Div. 770.

Court of Appeals of Alabama.

Aug. 4, 1931.

Joe Brown, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The evidence for the state tended to prove that on February 8, 1930, the officers of the law raided a dwelling house on Rainbow Curve, about seven and a half miles from Gadsden in Etowah county, and found a five-gallon churn full of home-brew, sitting in the fireplace, thirty-four bottles of home-brew in the ice box in the kitchen, and two pints of whisky under some old tin about eight steps from the house in the back yard. There was no one on the premises when the raid was made, but one witness, Camp, testified that he had seen defendant there either that morning or the morning before. The witness Camp also testified that the home-brew, in his judgment, contained alcohol. The witness Camp, upon whose testimony the state principally relied for a conviction, was very cautious in

giving his evidence, as, for instance, prefacing each statement with: "My recollection is." And when asked if the home-brew contained alcohol answered: "In my judgment it did." There were also some glaring discrepancies in the testimony of the state's witness when compared with the undisputed physical facts; for instance, the state's witness testified that the house was two-roomed, one big room and a kitchen, while the facts showed without dispute that the house rented by defendant contained six rooms. The state's witnesses testified that defendant was arrested two or three days after the raid, when the return on the warrant shows the arrest to have been made February 27, nineteen days afterwards. There were other contradictions equally as glaring, but these were questions to be passed upon by the jury and reconciled consistent with the other evidence in the case. We have set out the foregoing, not for the purpose of criticizing the finding of the jury, but to illustrate the importance of care in the admission of testimony. When a cause is loosely tried, the admission of immaterial evidence is more likely to injuriously affect the defendant's rights than it would if the rules of law are strictly adhered to.

There were but two witnesses examined by the state as to the main facts in the case. The first witness (Gay) was allowed, over objection and exception, to testify, without having qualified as to a knowledge of the fact, that the liquid in the churn "smelled like Home-brew"; "looked like Home-brew;" "that he smelled and looked at the bottles in the ice-box and that they contained alcohol." This witness was never qualified as to a knowledge of the things about which he was called upon to give his opinion, and the court committed error in these rulings. Without any knowledge of the facts, except from hearsay, the witness Gay was allowed to testify that defendant was in possession of the house in which the home-brew was found and was in control of it. This was a conclusion and should have been excluded. Driver v. King, 145 Ala. 585, 40 So. 315.

The house rented by Wright to this defendant was a story and a half six-room house, while the house raided was a house of two rooms. The house rented by Wright to defendant was therefore not identified as the house about which the state's witnesses were testifying. Wright's testimony was irrelevant and should have been excluded.

The testimony of state's witness Camp, while somewhat uncertain as to dates, location, and the like, was sufficient to make the question of guilt vel non one of fact for the jury, although the undisputed evidence was that the defendant was not present at the time of the raid and was not there for some days afterwards.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.