146 So. 886

## ANDERSON v. STATE.
### 8 Div. 689.

Court of Appeals of Alabama.
March 21, 1933.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The prosecution in the court below was predicated upon an affidavit which charged the defendant with the offense denounced under section 5539, Code 1923, commonly known as violating the Sunday Law; in this instance he was charged with "gaming" on Sunday. The defendant interposed a plea of not guilty. His trial was by jury and resulted in his conviction, whereupon judgment of conviction was pronounced and entered, and the court sentenced him to hard labor for the county. The appeal here is from said judgment.

The offense complained of and for which appellant was convicted is a misdemeanor, and we gather from the record that certain alleged accomplices testified against him, and appellant complains that these accomplices were not sufficiently corroborated to justify his conviction. On this point in the oral charge the court stated: "Now the law is gentlemen that you cannot convict the defendant upon the uncorroborated testimony of an accomplice if that was all the evidence the State had offered to you, you could not convict this defendant, but the State offered other evidence and it is for you to say what weight and credence you will attach to that testimony." The record shows that: "The defendant excepts to that portion of the court's oral charge. If that was all the evidence the State had offered to you, you could not convict this defendant, but the State has offered other evidence."

It is evident, from the foregoing, that the trial court labored under the impression that the provisions of section 5635 of the Code 1923 apply to convictions of misdemeanors as well as to felonies. In this the trial court was mistaken. That section applies only as to felonies, and has no application whatever in trials of cases for a misdemeanor. In a prosecution for a misdemeanor, a conviction may be had upon the testimony of an accomplice without corroboration, if the jury gives credit to his testimony. His complicity goes only to his credibility, and of that the jury must judge, as they judge the credibility of other witnesses. Quinn v. State, 15 Ala. App. 635, 74 So. 743; Moses v. State, 58 Ala. 117. The foregoing inadvertent erroneous charge of the court, however, was highly favorable to defendant, and, if the point of decision was here presented in a manner to be reviewed, it could not avail the defendant, as it was a matter of which defendant had no right to complain. But it appears that this point of decision as well as each of the other insistences upon this appeal are not presented for our consideration. The appeal here is rested solely upon the record. There is no bill of exceptions, hence the rulings of the court as to refusal of special written charges; also the court's rulings on motion for a new trial, as well as exceptions to the oral charge, cannot be reviewed. Scott v. State, 19 Ala. App. 60, 94 So. 785; Sanford

v. State, 19 Ala. App. 242, 96 So. 646; Stover v. State, 204 Ala. 311, 85 So. 393.

The only question presented on this appeal is the regularity of the record. Section 3258, Code 1923. There is no error upon the record; the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.