175 So. 315

**BUSH v. STATE.**

**4 Div. 335.**

Court of Appeals of Alabama.

April 3, 1937.

Rehearing Denied May 11, 1937.

L. A. Farmer, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

In a nine or ten room dwelling house, occupied as a residence by appellant, and with whom there were residing therein at the time some six or seven other people, the officers of the law made a search. In "a pantry adjoining a bed room" they found some 175 pints of "bottled in bond" whisky, plus some "eleven cases of beer." There was no other entry into that pantry than "through the bed room." Appellant was not there when the search was made.

Whose "bed room" is referred to in the preceding paragraph the evidence does not disclose. And it appears the whisky and beer were locked in a bin "built up in the end" of the said pantry—we assume, concealed from view.

The only information furnished by the evidence as to the "living quarters," to use our own expression, of the various occupants of the house in question, at the time of the search, is that we here detail from the testimony of the single witness (one Arnold) deposing on the subject, to wit: "At that time C. C. Bush, Jr., and his wife and Mrs. Smith and some insurance men and some show men also lived that (there) at that

house. The defendant and his wife also lived that (there) at that time. C. C. Bush, Jr. is a grown man. Also at that time two insurance men lived there. Also at that time two or more show people lived there. * * * My wife and I occupied several rooms. * * * I do not know what room the defendant occupied in the house at that time. They changed about on account of roomers, light housekeeping roomers. I do not know what room C. C. Bush, Jr., and his wife occupied at that time. * * * Except from where I stayed I don't know what rooms anybody occupied in the house. I don't know what room that whiskey was found in and didn't know anything about it until I saw it in the paper."

Whether any of the other occupants of the house knew "anything about it" until they "saw it in the paper" the evidence fails to disclose.

It would be enough to say that a perusal of the testimony shown by the bill of exceptions convinces us, as it does counsel here representing appellant, that the appeal is governed by the holding of this court (approved by the Supreme Court) in the case of Bivens v. State, ante, p. 304, 171 So. 755, certiorari denied Id., 233 Ala. 304, 171 So. 756. But, out of deference to the vigorous insistence made here for an affirmance of the judgment of conviction, by the Assistant Attorney General representing the State, we are led to point out that, while the discovery made by the officers on the occasion of the search of appellant's premises would naturally lead one to strongly suspect—in fact, we might say, be convinced beyond a reasonable doubt—that some one, there at said premises, was engaged in conducting a "blind pig," yet, from aught the jury could do, more than guess, it may just as well have been that, in their zeal, the officers "got the wrong pig by the ear."

The same pungently persistent Assistant Attorney General referred to would have us distinguish the case here presented from the one made the basis of the decision in Bivens v. State, supra, because—to quote him—"If this was a pint case (as was the situation in Bivens v. State, supra) or even a quart case where you believed that some poor wretch just had the liquor for consumption, it might be different."

But would it? It is the "violation of the law" that is the basis of this, as all, prosecutions. The mere quantity of the prohibit-

ed liquor that might be involved could not affect the principle that, before a conviction may be had, the evidence must at least tend (the final event then depending upon the jury) to prove the defendant's guilt.

Appellant may be guilty. But there was no sufficient testimony tending to show it. Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

For the error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor, the judgment is reversed, and the cause remanded.

Reversed and remanded.