179 So. 649

## FRANKS v. STATE.

### 8 Div. 676.

Court of Appeals of Alabama.
Feb. 22, 1938.

Rehearing Denied March 8, 1938.

J. Foy Guin, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The evidence in this case for the State tends to prove that the sheriff and deputy sheriffs, of the county of Franklin, executed a search warrant on the premises of defendant and found something more than 17 gallons of "wildcat" whisky, in containers ranging from pint bottles to 1-gallon bottles or jugs. This whisky was found at various places on defendant's premises in close proximity to his residence and barn, with paths and tracks leading to the place where the whisky was found. Under the defendant's house was found a lot of pint bottles, demijohns and a siphon tube and a funnel.

There was other evidence tending to prove that the defendant had knowledge of the fact that the whisky was on his premises, and there were inferences from the testimony indicating that the defendant was the owner. The law does not contemplate the conviction of any persons for the possession of whisky, when such possession is unknown to the accused. But, a constructive possession with full knowledge on the part of the defendant, and after such knowledge he permits the prohibited liquors to remain on his premises, is a violation of the law, and the defendant may be convicted if such are the facts. The question was for the jury and the general affirmative charge, requested by the defendant, was properly refused.

It is insisted by appellant's counsel that the trial court lost jurisdiction to pass sentence upon the defendant, for the reason that the verdict of the jury was returned on Monday, the first day of the term, and the sentence was not imposed until Friday afternoon of the same week.

Under Local Acts of the Legislature of 1923, p. 272, under authority of which the law and equity court of Franklin county was established, it is provided: "That the Court shall be held at the court house of Franklin County, and that said court shall be open at all times for the trial of cases and the transaction of business." Section 10, p. 274. There is nothing in this record to indicate that the term of court had ended before the passing of sentence on this defendant, and therefore the court retained its jurisdiction for the purpose of transacting any business not disposed of.

There appears in brief of appellant's counsel this paragraph: "The practice has become common in this part of the State for Judges to adjourn Court, sending, in the meanwhile, convicted defendants in liquor cases to jail, and letting the word get to them, through Deputy Sheriffs, that if they will pay fines in cash, and will waive the right of appeal, no additional punishment will be inflicted. Sometimes a higher fine is demanded than. that fixed by the jury. Sometimes a prisoner is convicted in the early part of one week, and made to lie in jail until a convenient day during the following week. We respectfully submit that Judges themselves should observe both the letter and spirit of the law, and that this practice ought to stop."

If such is a fact, it is reprehensible conduct on the part of the trial judge. Any judge who would use the power of his office to coerce a defendant into the yielding of a legal right would be guilty of conduct reprehensible in the extreme, and might in a proper case be grounds for impeachment. There appears no evidence in this case warranting the insistence made by appellant's counsel. The record discloses no improper conduct on the part of the judge, either in the trial or in the way and manner in which sentence was pronounced.

The objection and exception taken to the excerpt from the court's oral charge is without merit. If that portion of the charge is not applicable in this case, it certainly did not injuriously affect the defendant's rights.

We find no error in the record, and the judgment is affirmed.

Affirmed.