13 So.2d 100

MICKLE v. STATE.

8 Div. 239.

Court of Appeals of Alabama.
April 20, 1943.

W. H. Long, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bowen W. Simmons, Asst. Atty. Gen., for the State.

RICE, Judge.

Briefly the case is this: Law enforcement officers found twenty-five gallons of whiskey in a wood house, buried in the ground, on the premises of one Elbert Thornton, who testified for the State that he had rented the wood house to the appellant (defendant), who did not reside on the property, but across the street from the residence of the witness.

Thornton further testified that he had seen the defendant (appellant) go back and forth to the wood house on several occasions; and that at the time he rented the wood house to the appellant there was no lock on the door, but subsequently a lock was placed on the door of the wood house. Thornton said that he, Thornton, had no key to the lock. And that he had seen appellant going in the door at least two times after the lock was placed on there.

There were some other circumstances detailed in the testimony, both by Thornton and by another witness, an officer, tending to fasten the possession of the whiskey upon, or in, appellant. But we believe what we have set out will suffice for the few remarks we shall make.

Appellant was convicted of the violation of the prohibition laws by being in the unlawful possession of the whiskey in question.

■ There was of course no error in refusing to give to the jury at appellant's request written charges Nos. 3 and 5.

Not only does it fail to appear that Thornton was an accomplice, but if he had been shown to be, the charges were incorrect. The charge against appellant was a misdemeanor; and Code 1940, Tit. 15, § 307 has no reference to such. Head v. State, 27 Ala.App. 152, 167 So. 349; Anderson v. State, 25 Ala.App. 377, 146 So. 886.

■ As for the only other question apparent deserving mention: The refusal to give to the jury at appellant's request the general affirmative charge to find in his favor, we are sure that the same argument made to us was made to the jury trying the case—where it was appropriate.

Since there was substantial evidence pointing to appellant's guilt as charged, no error was committed in the regard in question.

The judgment should be affirmed.

It is so ordered.

Affirmed.