34 So.2d 860

FLETCHER v. STATE.

8 Div. 597.

Court of Appeals of Alabama.

Feb. 3, 1948.

Rehearing Denied Feb. 24, 1948.

Russell W. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

In the court below the appellant was convicted of the illegal possession of prohibited liquor.

The only evidence introduced was that in behalf of the State. The sheriff and his deputy found twelve pints of prohibited whiskey hidden up over a window in the defendant's home. The liquor was concealed by the placement of a board. The house was occupied by the accused and his wife. The former was not at home at the time.

There are no questions presented for our review which arose during the introduction of the testimony.

■ The exceptions to portions of the oral charge of the court are not sufficiently specific to invite our consideration. Gipson v. State, 21 Ala.App. 277, 107 So. 327; Allford v. State, 31 Ala.App. 62, 12 So. 2d 404.

■ Refused written instruction number 2 was substantially covered by the oral charge. Title 7, Sec. 273, Code 1940; Kelley v. State, 32 Ala.App. 408, 26 So. 2d 633.

Brief of appellant's counsel is devoted entirely to the insistence that the accused was due the general affirmative charge.

The rules relating to this inquiry have been announced many times in opinions of our appellate courts. Justice Thomas, writing for the Supreme Court, in McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135, took great care to collect many authorities.

Each case contains facts in some aspects different from those in any other case. It is very unusual to find any two causes in exact factual counterpart.

■ Appellant cites Talbot v. State, 23 Ala.App. 559, 129 So. 323, and quotes at length therefrom. The recitation of the tendencies of the evidence in this case will disclose that a very small amount of whiskey was found in the defendant's home, and this while he was absent in another state. Different circumstances appear in the instant case. It is true, of course, that the quantity found is not necessarily the controlling factor, but it goes without saying that it should lend weight in determining the guilt or innocence of the accused when prohibited liquors are discovered in his dwelling, particularly if others enjoy accessibility to the premises. The circumstance of the placement and location of the twelve pints of whiskey was also a fact which the jury was privileged to consider along with the other evidence.

■ We do not entertain any doubt of the correctness of the judgment of the court below in submitting the case to the jury and refusing the general affirmative charge.

The Assistant Attorney General cites and quotes from Emerson v. State, 30 Ala.App. 89, 1 So.2d 604. Appellant's counsel, in reply brief, insists that the facts in this case are so distinguishable from those in the case at bar that the holding is neither controlling nor persuasive. In reference thereto he states: "The facts as set out in the opinion do not show whether or not defendant was present at the time of the raid and arrest, or whether or not there were other persons present, or whether or not the liquor was in a place that was open to the general public and could have been placed there by any person other than appellant."

We have the original record in the Emerson case before us. The whiskey

was found in a cabin on the premises of the defendant about 50 or 75 feet from his place of business, and the beer was located in a hole in the ground near by. Some person there, apparently in charge, sold the officer a half pint of whiskey. The defendant was not present.

On the basis of this proof this court held that the affirmative charge was not due the accused.

The conclusions reached are clearly persuasive and indicative of the correctness of our views in the case at bar. See also, Bridgeforth v. State, 16 Ala.App. 239, 77 So. 77; Stout v. State, 15 Ala.App. 206, 72 So. 762; Key v. State, 22 Ala.App. 627, 118 So. 766.

The judgment of the court below is ordered affirmed.

Affirmed.