66 So.2d 189

**THOMAS v. STATE.**

5 Div. 415.

Court of Appeals of Alabama.

May 5, 1953.

Rehearing Denied May 19, 1953.

J. B. Atkinson, Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the court below the defendant, Albert Thomas, was convicted of the offense of possessing whiskey in a dry county.

■ One of the prime insistences in brief of appellant's attorney is that the evidence is not sufficiently potent to sustain the judgment of conviction. This question is raised by the request for the general affirmative charge and a motion for a new trial.

The essential and pertinent facts incident to the officers' search and the location of the whiskey are accurately set out in appellant's brief:

"The defendant resided at this home with his wife, and witness, Willey Bryant, resided there a portion of the time, having a key to the dwelling house with the privilege to come and go at will, night or day. The Sheriff of Chilton County with a deputy searched this man's home and in a small enclosure; that is, between the bottom shelf of a homemade cabinet built to the wall and the floor the sheriff discovered an aperture about the size of his little finger; he then discovered on the back porch a crank and upon fitting the crank into the opening and turning the crank the walls began to separate, and the sheriff called the appellant and his wife, and in their presence he took out of the enclosure in the wall three pints of whiskey. The Sheriff upon inquiry from appellant and his wife as to the ownership of the whiskey received the prompt reply from the appellant that he did not know anything about the whiskey and no further statement was made. The Deputy, Reuben Gore, testified that the appellant stated, 'that he had found out that it was better not to claim it than to claim it'; but this dep-

uty also testified that appellant stated that he didn't know anything about the whiskey."

The defendant did not testify in his behalf. His only witness, Bryant, gave the testimony indicated herein above. He stated also that sometime prior to the search he placed eight pints of whiskey in the compartment in appellant's home for his own consumption and that the accused knew nothing about the location or existence of the liquor.

The appellate courts are frequently faced with the task of reviewing the action of the trial judge in refusing the affirmative charge.

It is quite difficult to find helpful authorities because of dissimilar factual foundations.

Judge Samford, writing for this court, had this to say: "The law does not contemplate the conviction of any persons for the possession of whisky, when such possession is unknown to the accused. But, a constructive possession with full knowledge on the part of the defendant, and after such knowledge he permits the prohibited liquors to remain on his premises, is a violation of the law, and the defendant may be convicted if such are the facts." Franks v. State, 28 Ala.App. 132, 179 So. 649.

Without the testimony of Bryant it could not be logically urged that the defendant was due the general affirmative charge. The jury was not authorized to capriciously reject the testimony of this witness, but certainly it was subject to be weighed in the light of its reasonableness. The jury was privileged to apply its common sense and every-day experiences and observations to the circumstances related by the witness.

To say the least, Bryant's explanation presented a very unusual situation. He was certainly taking rare liberties with the privacy of the appellant's home if his story is true. The jury may have concluded that Bryant was a party to the possession of the whiskey, but this would not have precluded a finding that the defendant was also guilty on the legal doctrine of joint possession.

We have no difficulty in concluding that the defendant was not due the general charge; neither are we convinced that error should be charged in the action of the court in overruling the motion for a new trial.

The following authorities lend some support to our view. Franks v. State, supra; Thompson v. State, 21 Ala.App. 498, 109 So. 557; Gunnells v. State, 21 Ala.App. 648, 111 So. 320; Bridgeforth v. State, 16 Ala.App. 239, 77 So. 77; Mickle v. State, 31 Ala.App. 141, 13 So.2d 100; Lawler v. State, 31 Ala.App. 458, 18 So.2d 469; Leach v. State, 24 Ala.App. 423, 136 So. 493; Prouty v. State, 24 Ala.App. 454, 136 So. 492; Fletcher v. State, 33 Ala.App. 423, 34 So.2d 860.

The only other reviewable questions of meritorious concern relate to the refusal of two written instructions numbered 3 and 5.

The court gave this written charge: "After considering all the evidence in the case if you have a reasonable doubt of the truthfulness of the evidence of the State's witnesses, you cannot convict the defendant."

This substantially covers refused charge 3, with the possible exception that it omits the designation of "any member of the jury." The instruction to the whole would, of course, include each individual juror.

Be this as it may, the courts do not favor instructions in the form of the refused charge. Such instructions have a tendency to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room. Russo v. State, 236 Ala. 155, 181 So. 502; Diamond v. State, 15 Ala.App. 33, 72 So. 558.

It should be noted also that in criminal cases tendered written instructions should be hypothesized on the belief

182

from the evidence. Wesson v. State, 251 Ala. 33, 36 So.2d 361.

The court gave this written charge: "The court charges the jury that before you can convict the defendant you must believe beyond a reasonable doubt that the defendant knew said whiskey was in his house."

The oral charge contains instructions to like effect.

The appellant anchored his defense on the claim that he did not know the whiskey was in his house. If the jury had responded to the above given charge, that would have been an end to the matter, and the defendant would have been acquitted.

Under the factual issues the appellant could not have been deprived of any rights to a full explanation of his defense by the refusal of charge number 5. It is in part abstract.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.

Rehearing Denied May 19, 1953.