68 So.2d 51

**BURT v. STATE.**

7 Div. 269.

Court of Appeals of Alabama.

June 23, 1953.

Rehearing Denied Aug. 11, 1953.

W. M. Beck, Fort Payne, for appellant.

278

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the defendant, Rube Burt, was convicted of the offense of possessing whiskey in a dry county. The cause was tried by the court without a jury.

The only question of prime concern is a review of the action of the trial judge in denying the appellant's motion to exclude the evidence. Robinson v. State, 222 Ala. 541, 133 So. 578.

Armed with a search warrant the officers went to the home of the defendant and "found in his kitchen a drinking glass of whiskey and in one of the bed rooms a pint in a coat pocket and in another bed room under the bed a pint, under the bed. Then in the back room behind the kitchen we found a gallon and a half gallon in gallon jugs and then in the other bed room we found fifteen or venty empty jugs that had had whiskey in them."

The coat referred to above was "a man's dress coat."

The appellant's family consisted of his wife and some minor children. The accused was not at home at the time of the search.

Judge Samford, writing for this court had this to say:

"There was other evidence tending to prove that the defendant had knowledge of the fact that the whisky was on his premises, and there were inferences from the testimony indicating that the defendant was the owner. The law does not contemplate the conviction of any persons for the possession of whisky, when such possession is unknown to the accused. But, a constructive possession with full knowledge on the part of the defendant, and after such knowledge he permits the prohibited liquors to remain on his premises, is a violation of the law, and the defendant may be convicted if such are the facts." Franks v. State, 28 Ala.App. 132, 179 So. 649.

It is quite difficult to find helpful authorities on the question of instant concern because of dissimilar factual foundations.

In many cases where whiskey was found on the premises of the accused the appellate courts have concluded that the evidence did not afford sufficient connective potency to sustain the judgments of conviction. This is illustrated by the following cases: Ammons v. State, 20 Ala.App. 283, 101 So. 511; Guilford v. State, 20 Ala.App. 625, 104 So. 678; Thomas v. State, 20 Ala.App. 640, 104 So. 687; Allen v. State, 21 Ala.App. 23, 104 So. 867; Phillips v. State, 22 Ala.App. 97, 112 So. 810; Clayton v. State, 22 Ala.App. 276, 114 So. 787; Talbot v. State, 23 Ala.App. 559, 129 So. 323; Eldridge v. State, 24 Ala. App. 395, 135 So. 646; Coker v. State, 25 Ala.App. 191, 143 So. 206; Buckner v. State, 25 Ala.App. 361, 146 So. 624; Alford v. State, 26 Ala.App. 188, 155 So. 388; Pruitt v. State, 27 Ala.App. 137, 166 So. 730; Bivens v. State, 27 Ala.App. 304, 171 So. 755; Bush v. State, 27 Ala.App. 482, 175 So. 315; Huckabaa v. State, 23 Ala.App. 333, 125 So. 202; Riddlespur v. State, 34 Ala.App. 431, 40 So.2d 640; Garrett v. State, 36 Ala.App. 417, 57 So.2d 130.

In the following cases we held that the evidence was sufficient to sustain the judgments of conviction: Bridgeforth v. State, 16 Ala.App. 239, 77 So. 77; Gilbert v. State, 25 Ala.App. 169, 142 So. 682; Leach

v. State, 24 Ala.App. 423, 136 So. 493; Prouty v. State, 24 Ala.App. 454, 136 So. 492; Kirtland v. State, 27 Ala.App. 376, 172 So. 680; Emerson v. State, 30 Ala. App. 89, 1 So.2d 604; Mickle v. State, 31 Ala.App. 141, 13 So.2d 100; Lawler v. State, 31 Ala.App. 458, 18 So.2d 469; Fletcher v. State, 33 Ala.App. 423, 34 So. 2d 860; Franks v. State, supra; Thomas v. State, ante, p. 118, 66 So.2d 189.

We have gone to considerable care to seek out and cite a rather large number of cases under the two classifications. A careful study of these opinions will lead to the conclusion that there is a line of factual demarcation between the two groups. Some of the cases make this more apparent and outstanding than others.

The judgment below clearly finds support from the authorities cited in the latter group herein above.

The judgment below is ordered affirmed.

Affirmed.