98 So.2d 441

### Robert S. ROBINSON

v.

### STATE.

6 Div. 443.

Court of Appeals of Alabama.

Aug. 27, 1957.

Rehearing Denied Sept. 20, 1957.

Victor H. Carmichael and Fite & Wilson, Jasper, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of illegal possession of prohibited beverages. A sentence of ninety days at hard labor for Walker County was imposed by the court.

The evidence for the State was to the effect that several law enforcement officers executed a search warrant on defendant's premises, known as Robinson's Fishing Camp.

L. H. Summerlin. testified they found defendant seated at a table in the house. On the table there were nine empty bottles, six pints and three half pints. They also found in the house a five gallon jug with the odor of whiskey in it, numerous bottle stoppers in a cabinet drawer, a sack of new cork stoppers for pint bottles, and other empty glass jugs and bottles.

Howard Guthrie testified defendant was washing flat pint bottles, the kind commonly used for whiskey bottles. The witness stated he found a pint of whiskey some 60 steps from the house, near a trail leading from the house. The trail appeared to be pretty well traveled; that he had been to the place several times and had seen several people down on the river.

D. C. Waldrop testified he participated in the search and found five gallons of homebrew about 75 yards directly south from the house. The homebrew, in his best judgment, based on experience and observation, contained alcohol and was an intoxicating beverage. The trail leading from the house to the homebrew was a well beaten path, but beyond that point it was an old road, grown up and full of weeds. A ferry crosses the river some 50 yards northwest of the house.

For the defendant Monroe Gilbreath testified he had traveled an old road near Robinson's Fishing Camp going from Cordova to Barney Mines several times and had met other people on it.

Frank Smith testified wagons couldn't travel the old road, but he had seen people walking on it; that he had seen several people come to the fishing camp to get boats to fish.

Inman Burgess testified he had worked at the fishing camp a month and a half. He said quite a few people came to the camp to rent boats and fish; that there was a path south of the house that people traveled in going to Dover Town; that defendant had two cabins on the river bank.

He testified on cross examination that it is a quarter of a mile from the ferry to the first house in the direction of Cordova, and a mile and a half from the camp to the nearest house in the direction of Dover Town.

The defendant testified he owned the land known as his fishing camp; that he had been living there about two months; that he operated a business in Cordova and was staying at the camp until he could rent it, and was looking after some hogs he had there. He said that Damon Nabors had operated the camp the two prior years; that he had no knowledge of the whiskey or homebrew, and that he didn't put it there; that there were no bottles or five gallon jugs in the house, but there were several bottles and jugs around the cabins when he went there; that he had ten boats and six motors which he rented; that some days as many as 8 or 10 people traveled by the camp and people passed there daily. He stated his house was within 30 feet of the property line; that he didn't know where the homebrew was found, but the officers searched "clean out of sight."

■ We have said many times that a conviction for the possession of prohibited liquors may be sustained where the evidence for the State shows constructive possession, provided it also shows a guilty knowledge or scienter on the part of defendant. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684. And that the defendant's guilty knowledge of the presence of the whiskey may be established by circumstantial evidence. Emerson v. State, 30 Ala. App. 89, 1 So.2d 604; Grimes v. State, supra.

■ We are of the opinion the facts and circumstances shown presented a question for the jury as to defendant's guilty knowledge of the presence of the prohibited beverages, and that there was sufficient evidence from which the jury might

infer guilty knowledge. There was no error in the overruling of the motion to exclude the State's evidence or in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.