Monty Eutaw Howell appeals from a judgment of conviction of criminally negligent homicide by the Circuit Court of Winston County. *Page 1327 
The appellant and David Bailey spent the night at appellant's home at 1423 Alabama Avenue, Haleyville, Alabama, on April 30, 1980. At about 6:00 a.m. the following morning, Mr. Robert Hyman Fuller came to the residence. Bailey and Fuller, while sitting on or near a bed or cot in the room, proceeded to have a drink of whiskey. Bailey was exhibiting a pistol to Fuller when some firecrackers were exploded; the pistol fired, striking Fuller, which resulted in his death.
Appellant and Bailey were indicted for manslaughter by a Winston County Grand Jury on September 29, 1980. They were tried jointly in a jury trial in the Circuit Court of Winston County, and each was found guilty of criminally negligent homicide. They were adjudged guilty of the offense, and each was sentenced to one year in the Winston County Jail. Monty Eutaw Howell appeals the conviction.
The sole issue presented for consideration is whether there is substantial credible evidence of appellant's guilt to submit the case to the jury. That is, did the trial court commit reversible error in denying appellant's motion to exclude the evidence at the conclusion of the State's case. We think not.
The basic question is whether there was enough evidence of Howell's complicity for the judge to let the jury weigh the evidence under his directions as to the pertinent law. The evidence must be viewed as of the time of the motion to exclude, without any consideration of subsequently adduced evidence. Also, the evidence must be viewed in the light most favorable to the State. Livingston v. State, 44 Ala. App. 559,216 So.2d 731 (1968).
A person commits the crime of manslaughter if he recklessly caused the death of another person. Section 13A-6-3 (a)(1), Code 1975. Criminally negligent homicide is a lesser included offense in a manslaughter indictment. A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence. Section 13A-6-4 (a), Code 1975.
In the case at bar, a prima facie case of criminally negligent homicide would be made upon proof beyond a reasonable doubt that:
1. Mr. Robert Hyman Fuller was dead, and
2. Appellant caused the death of Mr. Robert Hyman Fuller by shooting him with a pistol, and
3. Appellant, in committing the act or acts which resulted in Mr. Fuller's death, acted with criminal negligence; that is, the act or acts necessarily entailed a risk of such nature and degree that a failure to perceive the risk constitutes a gross deviation from the normal standard of conduct in similar circumstances.
Sufficient proof of the first element is without question. The second and third elements must, of necessity, relate to the firecrackers.
Appellant's written statement (Exhibit 14), introduced without objection, states in part:
 "I fired several firecrackers, four I think, in the house just prior to the fatal shot being fired."
Mr. Roscoe Fedder of the Haleyville police department, in relating a conversation with the co-defendant, Mr. David Bailey, testified without objection (pages 69 and 70 of the record) as follows:
 "Q. What did Mr. Bailey — did he indicate that — ever indicate to you that he had an occasion to see the deceased, Mr. Robert Hyman Fuller?
"A. Yes, sir.
"Q. When did he indicate that he first saw him?
 "A. On the day, about six o'clock in the morning. He said he came and knocked on the door.
 "Q. Did he indicate to you that he knew Mr. Fuller prior to that time?
"A. Yes, sir.
"Q. What, if anything did he say happened next? *Page 1328 
 "A. That the door was open and Mr. Fuller came in and set down. He sat in a chair across from the bed. Bailey was sleeping in this bed in the photographs the night before and he was sitting on the side of the bed when Mr. Fuller set across from him. And they proceeded to have a drink from a bottle of whiskey setting beside the chair.
 "Q. Subsequently to this did Mr. Bailey state anything about having possession of a pistol?
 "A. A pistol — Mr. Bailey stated a pistol was handed to him during this conversation.
 "Q. And what, if anything, did he say relative to the pistol?
 "A. He said that he was showing Mr. Fuller how it worked and a loud explosion began to take place and he in the shock of the firecrackers going off that he pulled the trigger and shot Mr. Fuller.
 "Q. Did he say what he was doing with the pistol immediately prior to the time the firecrackers exploded?
 "A. He said he was showing Mr. Fuller how it worked, spinning it around and opening the cylinder and whatnot.
"Q. Spinning it around on his hand?
"A. Yes, sir."
The standard of review is whether there exists legal evidence before the jury, at the time the motion to exclude the evidence was made, from which the jury could by fair inference find the appellant guilty. Stewart v. State, 350 So.2d 764 (Ala.Cr.App. 1977). In applying such standard, this court will not substitute itself for the jury in determining the probative force and weight of the evidence. Toles v. State, 170 Ala. 99,54 So. 511 (1911); Leach v. State, 24 Ala. App. 423, 136 So. 493
(1931); Martin v. State, 17 Ala. App. 73, 81 So. 851 (1919). Rather, this court will only determine if legal evidence was presented from which the jury, by fair inference could have found the appellant guilty beyond a reasonable doubt. Danielsv. State, 343 So.2d 566 (Ala.Cr.App. 1977); Howell v. State,339 So.2d 138 (Ala.Cr.App. 1976).
Based on the above, could the jury conclude beyond a reasonable doubt that appellant caused the shooting death of the deceased even though he was not the one who pulled the trigger? Could the jury conclude that appellant's act of exploding fireworks in the room under the existing circumstances constituted criminal negligence? Certainly, these would be permissible inferences which the jury may draw from the evidence presented in the State's case in chief. Therefore, a prima facie case was presented, the trial court properly denied the motion to exclude, and the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.